IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD STEWART, | : | CIVIL ACTION NO. **3:CV-11-0987** |
| Petitioner | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN B. A. BLEDSOE, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

**I. Procedural Background.**

On May 23, 2011, Petitioner Richard Stewart, an inmate at USP-Lewisburg, Lewisburg, Pennsylvania, filed, *pro se*, the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner also filed a Motion to proceed *in forma pauperis*. (Doc. 2). Since Petitioner only has $.30 in his inmate account, we will recommend that the Court grant his *in forma pauperis* motion.

Petitioner simply claims as follows:

> The District Court was without authority to sustain the merits
> of government's warrant application. The state court denied a
> search warrant application, which wasn't appealed, and therefore,
> that ruling became the law of the case, and full faith, and credit
> attached . . .

(Doc. 1, p. 4).

Petitioner concludes that §2255 is inadequate since it "does not address the execution of [his] sentence nor illegal confinement in violation of the Constitution ... ." (*Id*., p. 6). Petitioner does not state the relief he is seeking in his habeas petition.

We find that Petitioner's habeas petition amounts to a challenge of the legality of his federal conviction and sentence, and as such, §2255 is adequate and effective to raise this challenge.

Named as Respondent in the present habeas petition is B. A. Bledsoe, the Warden at USP-Lewisburg.[1] The habeas petition has not yet been served on Respondent for a response.

We now give preliminary consideration to the Habeas Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.*, 2009 WL 1010522 (M.D. Pa.); *Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.[2]

## II. Factual Background.

Petitioner was convicted, following a jury trial, in the United States District Court for the Northern District of New York, Case No. 02- CR-15. (Doc. 1, p. 3). On March 11, 2003, Petitioner was sentenced in the stated case to 24 years in prison. (Doc. 1, p. 3). Petitioner was convicted of a firearm offense in violation of 18 U.S.C. § 922(g)(1), and he received a sentence enhancement under §924(e). (*Id*.). Petitioner indicates that he directly appealed his conviction and sentence to

---

[1]Petitioner named the correct Respondent since he is presently confined at USP-Lewisburg and Bledsoe is the Warden at this prison. *See* 28 U.S.C. § 2242 and § 2243. *See Rivera v. Scism*, Civil No. 10-1773, M.D. Pa. Petitioner also correctly filed his Habeas Petition with this Court since he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

[2]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

the Second Circuit Court of Appeals. The Second Circuit affirmed Petitioner's judgment of conviction on June 8, 2004. Petitioner cites to C.A. No. 03-1198 (2d Cir. 2004). (*Id.*). Petitioner states that he raised the following grounds in his direct appeal:

> Legally insufficient evidence
> (A)   Failure to establish probable cause for warrant
> (B)   Suppression of evidence - 4th Amend violation
> (C)   Erred jury charge
> (D)   Erred ACCA sentencing.

(*Id.*, p. 4).

Petitioner then filed a motion with the sentencing District Court, pursuant to 28 U.S.C. § 2255, raising claims of ineffective assistance of trial and appellate counsels. The sentencing District Court denied Petitioner's § 2255 motion on April 25, 2008. (*Id.*, p. 6).

Petitioner then filed his instant §2241 habeas petition with the Middle District of Pennsylvania on May 23, 2011. (Doc. 1).

**III.  Claim of Habeas Petition.**

As mentioned, Petitioner claims that the United States District Court for the Northern District of New York did not have authority to approve the government's search warrant application in his federal criminal case since the state court had previously denied the search warrant application, and that state court ruling became the law of the case. Petitioner claims that the District Court for the Northern District of New York failed to give the state court's decision not to approve the search warrant full faith and credit. Petitioner seems to also claim that since the search warrant should not have been approved by District Court for the Northern District of New York, any evidence which the government obtained against him and used to convict him was illegally obtained. Thus,

Petitioner seems to claim that his federal sentence and his present confinement at USP-Lewisburg are illegal.

As mentioned, Petitioner does not state the relief he is seeking in his instant habeas petition.

**IV. Discussion.**

We find that Petitioner Stewart's present § 2241 habeas petition should be dismissed for lack of jurisdiction. We find that Petitioner's remedy is to file a motion for authorization, pursuant to 28 U.S.C. § 2244(b)(3)(A), with the Second Circuit Court of Appeals to file a second § 2255 motion. Previously, as stated, Petitioner filed a § 2255 motion with the District Court for the Northern District of New York, and it was denied on April 25, 2008. Despite this denial, we find that Petitioner's remedy with respect to his present habeas claim is to file a motion with the Second Circuit under § 2244 for authorization to file a successive § 2255 motion. We find that Petitioner's instant claim is simply an attack on the legality of his federal conviction and sentence, and that § 2255 is an adequate remedy to raise this claim.

The case of *Robinson v. Sniezek*, 401 Fed.Appx. 645 (3d Cir. 11-12-10), is directly on point with our case. In *Robinson*, the Third Circuit Court stated:

> [Petitioner Robinson] filed the present 28 U.S.C. § 2241 petition in the United States District Court for the Middle District of Pennsylvania, claiming that the state police troopers violated his equal protection rights because the search of the vehicle was allegedly based on his race. After both parties filed briefs, the magistrate judge issued a report, determining that relief under 28 U.S.C. § 2241 was unavailable because Robinson was challenging the legality of his conviction and had not established that a 28 U.S.C. § 2255 motion was an inadequate or ineffective vehicle to do so. The district judge adopted the magistrate judge's report and dismissed Robinson's petition.

401 Fed.Appx. at 646.

4

The Third Circuit Court in *Robinson* then found as follows:

> The district court did not err in dismissing Robinson's petition. 28 U.S.C. § 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a) and (c)(3). A motion pursuant to 28 U.S.C. § 2255 is, however, the presumptive means for a federal prisoner to challenge his or her sentence or conviction. *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002). A federal prisoner can seek relief under 28 U.S.C. § 2241 if the remedy provided by Section 2255 is inadequate or ineffective to test the legality of his or her detention. *Cradle,* 290 F.3d at 538; *Okereke,* 307 F.3d at 120. This occurs "only where the petitioner demonstrates that some limitation of scope or procedure would prevent" the petitioner from receiving adequate adjudication of his or her claims—not merely because the petitioner is unable to meet the gatekeeping requirements of Section 2255. *Cradle,* 290 F.3d at 538; *In re Dorsainvil,* 119 F.3d 245, 251–52 (3d Cir.1997) (applying exception where an intervening change in the law decriminalized the conduct underlying the petitioner's conviction). Section 2241 also authorizes federal prisoners to challenge, in the first instance, some aspects of the execution—rather than validity—of their sentence, such as decisions regarding the denial of parole. *Coady v. Vaughn,* 251 F.3d 480, 485 (3d Cir.2001).
>
> Although Robinson has already filed one unsuccessful motion pursuant to Section 2255, he has argued that Section 2241 is a proper vehicle for his claim because the trial court did not "allow him" to challenge the police officer's motivations to search the vehicle, and thus did not consider the issue on its merits. Robinson also appears to recognize the limits of Section 2241, as he attempts to convince us that an equal protection claim challenging the police search of the vehicle is a challenge not to his conviction but to the manner in which his sentence is being executed because his sentence is based on an alleged unconstitutional act (the search). This argument is unavailing. As the district court determined, Robinson's Section 2241 petition is a thinly veiled attack on the legality of his conviction and sentence. Robinson has not established that Section 2255 is an inadequate or ineffective method by which to make this challenge. Accordingly, the district court properly dismissed the petition.

401 Fed.Appx. at 646-47(footnotes omitted).

In *U.S. v. Dixon*, 142 Fed.Appx. 91 (3d Cir. 2005), the Court found that the claim of a convicted federal inmate serving his sentence who filed a §2241 habeas petition "seeking to quash the search warrants which let to his conviction because the search warrants allegedly lacked probable cause," was not cognizable under §2241 and must be brought under §2255.

As in *Robinson* and *U.S. v. Dixon*, we find that § 2255 is an adequate and effective remedy for Petitioner Stewart to raise his instant habeas claim challenging the search warrant obtained by the government in his federal criminal case. Also, as in *Robinson*, we find that Petitioner Stewart's "Section 2241 petition is a thinly veiled attack on the legality to his conviction and sentence." 401 Fed.Appx. at 647. Further, Petitioner should have had the information about the search warrant issued in his case available to him when he filed his first §2255 motion. Even if Petitioner did not know of the basis of his present claim until after his §2255 motion was denied, his recourse is to file a motion with the Second Circuit under § 2244 for authorization to file a successive § 2255 motion. As stated, we find that Petitioner's instant habeas claim that the evidence used to convict him was unlawfully obtained since the District Court should not have approved the government's search warrant application, is clearly a challenge to the legality of his conviction and sentence.

Simply because Petitioner's first § 2255 Motion was denied by the District Court for the Northen District of New York does not render this motion as inadequate or ineffective for Petitioner to raise his present claim. Petitioner's recourse is to file a motion with the Second Circuit under § 2244 for authorization to file a successive § 2255 motion.

Suffice to say that, based on the recent similar Middle District case, *Robinson*, we find Petitioner Stewart's present habeas claim must be raised *via* a 2255 motion. *See Robinson*, *supra*.

As stated, Petitioner has already attempted to utilize § 2255, but this does not show that § 2555 is inadequate or ineffective to raise his present habeas claim. *See Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.; *Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10) adopted 2010 WL 2926593 (M.D. Pa. 7-26-10). Petitioner claims that § 2255 is inadequate since § 2255 "does not address the execution of his sentence or the legality of his confinement. (Doc. 1, p. 6). However, the Third Circuit in *Robinson* found a very similar claim to be "unavailing." Petitioner Stewart, just as Petitioner Robinson, "has not established that §2255 is an inadequate or ineffective method by which to make [his challenge based on an alleged unconstitutional search]." 401 Fed.Appx. at 647. Petitioner can nonetheless file a motion to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Second Circuit Court of Appeals.

In *Sperling v. Hogsten*, Appeal No. 07-3032, (3d Cir. 10-19-07)(Non-Precedential), slip op. pp. 3-4, the Third Circuit stated:

> A federal prisoner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). A section 2255 motion is not "inadequate or ineffective" merely because the sentencing court has denied relief, *Cradle*, 290 F.3d at 539, or because the petitioner cannot meet the gatekeeping requirements of section 2255, *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). As noted above, Sperling has already filed three unsuccessful motions pursuant to section 2255 in the sentencing court, and at least two applications to the Second Circuit for permission to file another, all of which essentially raised the same claims he raises here. However, the fact that Sperling cannot prevail under section 2255 does not render it "inadequate or ineffective" to protect him. *See Cradle*, 290 F.3d. at

> 539. Therefore, the District Court properly dismissed Sperling's petition pursuant to 28 U.S.C. § 2241.

In *Green v. Apker*, 2005 WL 1138478, * 4 (M.D. Pa.), this Court stated that there is "a high bar for what a court will consider a serious constitutional issue sufficient to allow a Petitioner to bring a § 2241 petition to challenge a conviction or sentence." This Court stated that the request for relief under § 2241 must be based on newly discovered evidence or an intervening change in substantive law that would negate the criminal nature of Petitioner's conduct leading to his federal conviction. *Id*.

Based on *Robinson* and *U.S. v. Dixon*, this Court is clearly without jurisdiction to consider Petitioner Stewart's § 2241 habeas petition. We find that Petitioner's recourse is to seek permission from the appeals court to file a second motion under § 2255 with respect to his 2003 federal sentence. Thus, Petitioner's contention that his conviction and sentence of imprisonment for 24 years was impermissibly based on an invalid search warrant should be raised in a § 2255 motion. *See Robinson, supra; U.S. v. Dixon*, *supra*. Petitioner must seek his relief *via* that vehicle even though he is required to seek permission from the appeals court to file a second § 2255 motion. *Okereke, supra*.

Based upon the settled case law, we will recommend that Petitioner Stewart's habeas corpus petition be dismissed for lack of jurisdiction without directing service of it on Respondent. *See Robinson, supra; U.S. v. Dixon*, *supra*.

**V**. **Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner Stewart's Petition for Writ of Habeas Corpus (**Doc. 1**) be dismissed, without directing service of it on Respondent, for lack of jurisdiction.   It is also recommended that Petitioner's Motion to proceed *in forma pauperis* (**Doc. 2**) be granted.

<u>**s/ Thomas M. Blewitt**</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May 31, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD STEWART, | : | CIVIL ACTION NO. **3:CV-11-0987** |
| Petitioner | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN B. A. BLEDSOE, | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **May 31, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: May 31, 2011**