UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD STEWART, : | |
| Petitioner, : | CIVIL ACTION NO. 3:11-CV-0987 |
| vs. : | |
| WARDEN B. A. BLEDSOE, : | (Judge Kosik) |
| Respondent. : | |

FILED
SCRANTON
JUL 28/2011

PER _____
DEPUTY CLERK

## MEMORANDUM

Before the court are petitioner's objections to the Report and Recommendation of Magistrate Judge Thomas M. Blewitt filed on May 31, 2011 (Doc. 4). For the reasons which follow, we will overrule petitioner's objections and we will adopt the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Petitioner, Richard Stewart, an inmate confined at USP- Lewisburg, Lewisburg, Pennsylvania, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on May 23, 2011. (Doc. 1). In his petition, petitioner argues that "the district court was without authority to entertain the merits of Government's warrant application" after "the state court denied a search warrant application, which wasn't appealed, and therefore, that ruling became the law of the case, and Full Faith, and Credit attached." The matter was assigned to Magistrate Judge Thomas M. Blewitt.

On May 31, 2011, the Magistrate Judge issued a Report and Recommendation (Doc. 4) in which he recommended that the Petition for Writ of Habeas Corpus be dismissed for lack of jurisdiction and that petitioner's motion to proceed in forma pauperis be granted. Specifically, the Magistrate Judge found the

Petitioner's habeas petition amounted to a challenge of the legality of his federal conviction and sentence, and as such, § 2255 was adequate and effective to raise his challenge. Thus, the Magistrate Judge concluded that this court lacked jurisdiction to hear Petitioner's § 2241 petition.

On June 16, 2011, petitioner filed his Response to Report and Recommendations (Objections)(Doc. 5). In his objections, petitioner argues that § 2255 is inadequate because it does not address the execution of his sentence, nor his illegal confinement. He asserts that he is challenging the execution of his sentence and the legality of his detention and confinement. The basis for Petitioner's claim is that the United States District Court for the Northern District of New York did not have the authority to consider the merits of the government's claims relating to the warrant application, because the same facts and information had already been decided on the merits in state court, and that the state court judgment foreclosed the issue pursuant to the Full Faith and Credit statute, 28 U.S.C. § 1738.

## DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In reviewing petitioner's objections, it appears that the sole objection to the Report and Recommendation is the Magistrate Judge's finding that the petitioner's

claim is a challenge to his conviction and sentence and that it therefore should be brought as a second § 2255 petition, after receiving authorization from the Second Circuit Court of Appeals. As the Magistrate Judge indicates, petitioner was convicted, following a jury trial, in the United States District Court for the Northern District of New York for a firearm offense, 18 U.S.C. § 922 (g)(1), and was sentenced to twenty-four (24) years in prison. Petitioner appealed his conviction and sentence to the Second Circuit Court of Appeals, which affirmed the conviction. Petitioner subsequently filed a motion pursuant to 28 U.S.C. § 2255 with the sentencing court. The sentencing court denied petitioner's § 2255 motion. Petitioner filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241 with this court on May 23, 2011.

In the Report and Recommendation, the Magistrate Judge found that the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 should be dismissed for lack of jurisdiction and that petitioner's remedy was to file a motion for authorization pursuant to 28 U.S.C. § 2244 (b)(3)(A) with the Second Circuit Court of Appeals seeking permission to file a second § 2255 motion. Specifically, the Magistrate Judge found that petitioner's claim that the Magistrate Judge for the United States District Court for the Northern District of New York did not have the authority to approve the government's search warrant application in his federal criminal case, because a New York state court had previously denied a search warrant application in a state case based on similar facts thus violating full faith and credit, was in fact a challenge to the legality of Petitioner's federal conviction and sentence. Thus, it should have been brought pursuant to 28 U.S.C. § 2255.

In his objections, the petitioner argues that the United States District Court for the Northern District of New York did not have authority to consider the merits of the government's claims relating to the warrant application, because the same facts and information had already been decided on the merits in state court. Petitioner argues that the prior state court judgment foreclosed the issue, and that the state decision

was entitled to full faith and credit by the New York District Court pursuant to 28 U.S.C. § 1738. Petitioner argues that he is not attacking the legality of his federal conviction and sentence. He asserts that the issue he raises is the authority of the District Court to consider the merits of a claim previously decided by the state court prior to his arrest, conviction or sentence. Thus, he claims his present detention is illegal, without authority of law, and in violation of the Constitution, making § 2255 inadequate or ineffective to address his claim.

After reviewing petitioner's objections in light of the Report and Recommendation of the Magistrate Judge, we agree with the Magistrate Judge's conclusion that petitioner's claim is simply an attack on the legality of his federal conviction and sentence, and that § 2255 is an adequate remedy to raise this claim. While Petitioner attempts to couch his claim as a Constitutional challenge under the full faith and credit statute, we agree that Petitioner's § 2241 petition is a thinly veiled attack on the legality of his conviction and sentence and that he must seek relief via a § 2255 motion.

Moreover, as to Petitioner's contention that the federal Magistrate Judge was precluded from considering the warrant application because of the denial of a warrant by the state court, we find no merit to Petitioner's full faith and credit argument. The applications for the state and federal warrants involved separate sovereigns and parties and involved different underlying criminal charges. See, Saleh v. Gonzales, 495 F. 3d 17, 25- 26 (2nd Cir. 2007); Hall v. Phelps, 641 F. Supp. 2d 334, 347-48 (D. Del. 2009). Accordingly, we will overrule petitioner's objections and we will adopt the Report and Recommendation of the Magistrate Judge. An appropriate Order follows.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD STEWART,<br>　　　　Petitioner,<br>vs.<br>WARDEN B. A. BLEDSOE,<br>　　　　Respondent. | CIVIL ACTION NO. 3:11-CV-0987<br><br>(Judge Kosik) |

## ORDER

AND NOW, THIS 28 DAY OF JULY, 2011, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated May 31, 2011 (Doc. 4) is **ADOPTED**;

(2) Petitioner's motion to proceed in forma pauperis (Doc. 2) is **GRANTED**;

(3) The Petitioner's Objections are **OVERRULED**;

(4) The Petitioner's petition for writ of habeas corpus is **DISMISSED**;

(5) The Clerk of Court is directed to **CLOSE** this case and to forward a copy of this Memorandum and Order to the Magistrate Judge; and,

(6) Based on the court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

　　　　　　　　　　　　　　　　　　/s/ Edwin M. Kosik
　　　　　　　　　　　　　　　　　　Edwin M. Kosik
　　　　　　　　　　　　　　　　　　United States District Judge